UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET H. PEACOCK, | ) | Case No.: 1:05CV554 |
| | ) | |
| Plaintiff, | ) | Judge Ann Aldrich |
| | ) | |
| v. | ) | |
| | ) | |
| BAYVIEW LOAN SERVICING, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This is an action by a mortgage debtor alleging "predatory" mortgage lending and loan servicing practices in violation of federal statutes, Ohio statutes and Ohio common law. For the reasons that follow, the court grants the two individual defendants' unopposed motions to dismiss for lack of personal jurisdiction.

## I. BACKGROUND

In October 2004 Peacock paid Bayview $45,000 during the pendency of an action in foreclosure on her home; Bayview has been holding the $45,000 in a suspense account and has not credited these funds to her mortgage loan account. *See* Comp. ¶ 23.

Peacock contends that the defendants violated three federal statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614. She also contends that the defendants violated Ohio's civil RICO statute.

Peacock further contends that they violated the Ohio Consumer Sales Practices Act ("Ohio CSPA"), Ohio Rev. Code § 1345.01 *et seq.*, and that they committed breach of contract and the Ohio common law torts of negligence, negligent and/or intentional misrepresentation, fraudulent misrepresentation, breach of fiduciary duty, breach and civil conspiracy.

Namely, Peacock alleges that the defendants failed to give statutorily required notices, failed to verify the amount of her mortgage loan debt when she requested such verification, and attempted to collect costs and fees that they are not legally entitled to collect. *See* Comp. ¶¶ 17. Next, Peacock alleges that the defendants schemed to maximize the late fees imposed on her, for example by charging more than one late fee for a single delinquent payment. *See* Comp. ¶¶ 30-33 and 57-59. She also alleges that the defendants charged her for placing homeowner's insurance on her home that was unreasonably expensive, and then allowed the insurance to lapse or refused to provide proof that it had not lapsed. *See* Comp. ¶¶ 39-41. In addition to compensatory damages, Peacock seeks rescission and injunctive relief under the Ohio Consumer Sales Practices Act, at least $20 million on behalf of herself and members of the putative class, and attorney's fees.

On January 5, 2005 Peacock sued Bayview Loan Servicing, Inc. ("Bayview") and two purported Bayview employees named "Lourder Llorens" and "Mr. Ponds" in the Cuyahoga County Court of Common Pleas. On February 10, 2005 Bayview removed the case to this court on behalf of itself and the other two defendants, and this court has undisputed federal question jurisdiction. With the benefit of two extensions of time granted by the court, Bayview filed its answer on April 11, 2005. On that same date Bayview filed motions to dismiss as to the two individual defendants.

Bayview contends that the complaint must be dismissed as to both the individual defendants pursuant to Federal Rule of Civil Procedure 12(b)2) because the court lacks personal jurisdiction over them. Specifically, Bayview contends that none of its employees "purposefully availed himself or herself to this forum by engaging in employment-related activities on behalf and at the direction of Bayview." As to Ponds, Bayview additionally states that no one who is employed at its Florida headquarters has "Ponds" as a first or last name. For that reason Bayview urges that the complaint must be dismissed as to Ponds under Federal Rules of Civil Procedure 12(b)(4) and (5) for insufficient process and insufficient service of process, respectively.

## II. DISCUSSION

Absent evidence to the contrary, the court presumes that Peacock received the motions to dismiss shortly after they were filed. "The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citation omitted) (cited in *Crace v. Kentland-Elkhorn Coal Corp.*, 109 F.3d 1163, 1166 (6th Cir. 1997) (relying on sender's computer record showing that it sent item)).[1]

---

[1] *Accord Anderson v. TVA*, 991 F.2d 794, 1993 WL 113730, at *4 (6th Cir. Apr. 13, 1993) (same); *United States v. Redwitz*, 325 F.2d 395, 398 (6th Cir. 1964) ("there is a presumption that appellant received the letter ... a day or two after its mailing"); *Guzinski v. Hasselbach*, 920 F. Supp. 762, 769 n.7 (E.D. Mich. 1996) (presumption of receipt applies if item has not been returned to sender); *Drew v. DOC*, 297 F.3d 1278, 1302 (11th Cir. 2002) (assuming party received R&R shortly after it was filed).

Lourdes and Ponds filed their dispositive motions on Monday, April 11, 2005, and Local Rule 7.1(d) gave Peacock thirty days to file an opposition brief, including weekends and holidays. Starting the day after Peacock was served with the motions, Tuesday, April 12, the thirty day period ran through Wednesday, May 11, 2005. Over two weeks have elapsed since that deadline passed, and Peacock has neither filed an opposition brief nor sought an extension of time in which to do so.

This omission is fatal, because "[t]he plaintiff has the burden of establishing a *prima facie* showing of personal jurisdiction over the defendant." *Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 677, 2005 WL 293666, at *1 (6th Cir. Feb. 8, 2005) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). In other words, Peacock has the burden of making at least a *prima facie* showing that Llorens and Ponds actually exist and are employed by Bayview, that she properly served them with the complaint and summons, that their contacts with Ohio are sufficient to trigger the Ohio long-arm statute, and lastly, that haling them into court in Ohio does not violate their constitutional due process rights. It may be that Peacock needed more discovery regarding the individual defendants' identity, their employment, their involvement with her account (relevant to specific personal jurisdiction), or their other contacts with Ohio (relevant to general personal jurisdiction). But the proper course of action was to seek more time to oppose the motions rather than ignoring them. By failing to respond to the motions and rebut their detailed factual averments, Peacock failed to carry her burden of establishing personal jurisdiction.

First, Peacock has not attempted to rebut the averments in Llorens's affidavit. When considering a motion to dismiss for lack of personal jurisdiction, the court is required to consider the record in the light most favorable to the plaintiff. *See Kerry Steel v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997). But the court need not ignore or discount the defendant's version of the facts merely because the plaintiff

neglects to respond with contrary factual allegations or a different characterization of the facts' legal significance. *See id.* ("Paragon's sworn matters as to these matters could easily have been refuted were they not true. No such refutation was attempted."). Because Llorens's averments are uncontested, the court accepts them and finds that they preclude a finding of general jurisdiction over Llorens, i.e. jurisdiction based on some "continuous and systematic" contacts with Ohio independent of the incidents in the complaint. Namely, Llorens neither resided in nor traveled to Ohio at any time during the relevant time period, nor did he have any other appreciable contacts with Ohio or its residents apart from his communications with Peacock on behalf of Bayview.

Likewise, the averments in Llorens's affidavit militate against a finding of *specific* personal jurisdiction over him. That is, the court cannot find that Llorens, a Florida resident, (1) purposefully availed himself of the privilege of acting or causing consequences in Ohio such that (2) his acts or their consequences have a substantial enough connection with Ohio to make the exercise of jurisdiction over him reasonable. *See Southern Machine Co. v. Mahasco Indus.*, 401 F.2d 374, 380-81 (6th Cir. 1968). *Contrast Youn v. Track, Inc.*, 324 F.3d 409, 418-19 (6th Cir. 2003) (foreign corporation was subject to specific personal jurisdiction in Ohio because most of its tangible property was in Ohio, it secured Ohio telephone service and registered with various agencies as an Ohio employer, purchased hundreds of thousands of dollars worth of products through orders sent to Ohio, and negotiated an agreement with a company based in Ohio).

According to Llorens's affidavit, his only contacts with Peacock or her attorney were via telephone. As a matter of law such contacts, standing alone, are insufficient to constitute purposeful availment. Our Circuit has flatly held that "[t]he use of interstate facilities such as the telephone and mail is a secondary or

ancillary factor and cannot alone provide the minimum contacts required by due process." *Reynolds v. Internat'l Amateur Athletic Ass'n*, 23 F.3d 1110, 1119 (6th Cir. 1994) (citations omitted); *see also Market/Media Research v. Union Tribune Pub.*, 951 F.2d 102, 105 (6th Cir. 1991) (telephone calls and mail sent to Ohio were insufficient for personal jurisdiction).

Here, Llorens "merely ... communicated with an individual who happened to be in Ohio. * * * [I]t was purely fortuitous that [Peacock] had an Ohio address. * * * Plaintiff['s] claims did not arise from his attenuated contacts with Ohio and, as a foreign defendant, [Llorens] could not reasonably expect to be hailed into an Ohio court to defend this action." *Mahler v. Startari*, 2005 WL 1017994, at *2 (6th Cir. May 2, 2005) (nonresident company director was not subject to personal jurisdiction in Ohio federal court where his only contacts with the state were via telephone) (citations omitted). *See also Kerry Steel v. Paragon Indus.*, 106 F.3d 147, 151-53 (6th Cir. 1997) (nonresident who bought goods from Ohioan was not subject to jurisdiction in Ohio, because negotiations and acceptance took place only via telephone and facsimile, and buyer took possession of goods outside Ohio, notwithstanding allegation that Ohioan and his bank accounts in Ohio were harmed).

Moreover, the court may grant the motions to dismiss merely because they are unopposed, treating Peacock's continuing "failure to respond as a confession to" their merit. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (district court properly refused to consider evidence which opponent presented after summary judgment was granted; "[a]lthough it may seem harsh to turn a blind eye to the

... belated proffer of evidence, that is the price to be paid by litigants who do not comply with the rules....").[2]

For both these reasons the court will grant the individual defendants' motions to dismiss. *See, e.g., Narayan v. INS*, 105 F.3d 1335 (9th Cir. 1997) (granting respondent's unopposed motion to dismiss petition for lack of jurisdiction); *Anderson v. Petro-Hunt Corp.*, 1998 WL 23773, at *1 n.1 (E.D. La. Jan. 20, 1998) (noting earlier grant of unopposed motions to dismiss certain defendants). The only defendant left in the case is Bayview.

---

[2] *Accord Alexander v. Chicago Bd. Ed.*, 44 Fed. Appx. 4, 2002 WL 1926155 (7th Cir. Aug. 19, 2002) (district court did not abuse discretion by granting unopposed summary judgment motion); *Gregory v. U.S. Bankruptcy Court*, 24 Fed. Appx. 921, 2001 WL 1558783 (10th Cir. 2001) (district court granted unopposed summary judgment motion, and Circuit affirmed denial of motion for relief from judgment).

## III. ORDER

Accordingly, the motion to dismiss defendant "Mr. Ponds" [doc. no. 11] and the motion to dismiss defendant "Llorder Lourens" [doc. no. 12] are granted.[3]

Defendants "Llorder Lourens" and "Mr. Ponds" are dismissed.

This order is not immediately appealable. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 662 n.1 (6th Cir. 1988) ("absent certification of an interlocutory appeal under 28 U.S.C. § 1292(b) or Fed. R. Civ. P. 54(b), an order disposing of fewer than all of the parties or claims in an action is non-appealable....") (citations omitted).

IT IS SO ORDERED.

s/Ann Aldrich<br>
ANN ALDRICH<br>
UNITED STATES DISTRICT JUDGE

Dated:     May 26, 2005

---

[3]     *Cf. Machado v. INS*, 33 F. Supp. 2d 88 (D. Mass. 1999) (noting that district court had expressly granted government's motion to dismiss habeas petition solely on the ground that the motion was unopposed).